## DESIGNATION OF BENEFICIARY BY WILL.

Circuit Court of Cuyahoga County.

F. DHONAU, JR., v. SUSAN CLARE STRIEBINGER AND MARIE VAN CAMP.

Decided, June 6, 1904.

*Mutual Benefit Societies—Step-Children May be Beneficiaries as "Members of Family"—Beneficiary May be Designated by Will.*

1. Where step-children, taken into the home at a tender age are reared as children of the step-father and after marriage one of them remains in the home of the step-father, they can be designated as beneficiaries of a member in a mutual benefit association, whose

constitution requires that beneficiaries shall be members of the family or someone related to the member by blood.

2. The designation of the beneficiaries of a member of a mutual benefit association may be made by will so long as those designated belong to the class from which they are to be selected.

*Albert Mendelson* and *McKeney & Belville,* for plaintiff in error.

*E. K. Wilcox* and *F. C. Friend,* contra.

HALE, J.; WINCH, J., and MARVIN, J., concur.

Error to the court of common pleas.

The issues tried and determined in the trial court relate to the disposition of the benefits of a deceased member of a benefit association.

In 1881, Robert Jaite became a member of the Ancient Order of United Workmen and continued a member of that order until his death, which occurred on the 2d day of January, 1900. He fulfilled all his obligations to the order while thus a member. In the certificate issued to him, his wife Elizabeth was named as the beneficiary. She died on the 2d day of December, 1899, just one month prior to the death of her husband. After the death of his wife, no other beneficiary was designated, unless such designation was made by him in his will, which was executed on the 2d day of December, 1899, just a few days before his death. The clause of the will which, it is claimed, made such designation reads as follows:

"Fifth. I give, devise and bequeath to Susan Clara Striebinger and Marie Van Camp my life insurance of $2,000 made payable to my wife, now deceased, each $1,000 and further, to Marie Van Camp my fire insurance business, and my household furniture shall be divided between said Susan Clara Striebinger and Marie Van Camp. My horse, buggy and tools I give to George Van Camp."

The provision regarding the designation of the beneficiary in this order is contained in Section 46 of the constitution, and reads:

"BENEFICIARIES.—Each member shall designate the person or persons to whom the Beneficiary Fund due at his death shall be

paid, who shall, in every instance, be one or more members of his family, or some one related to him by blood, or his affianced wife, who shall be dependent upon him.''

The object of the order, as expressed in its by-laws and constitution, is:

''To pledge the members to the payment of a stipulated sum to such beneficiaries as a deceased member may have designated, while living, under such restrictions and upon such conditions as the laws of the order may prescribe.''

There are several errors alleged for which it is claimed the judgment should be reversed, but chiefly three are relied on:

1st. That the defendants in error, Mrs. Striebinger and Mrs. Van Camp, are not of the class which the member was authorized to designate as a beneficiary, and therefore their designation is entirely nugatory.

2d. That the designation of a beneficiary could not be made by will, and is therefore inoperative.

3d. That the will does not sufficiently designate in terms the defendants in error as the beneficiaries, and, further, that it does not so definitely designate the benefits under the term ''insurance'' that it should be operative.

Now, as to the first point, whether these parties belong to that class that might be designated: Mr. Jaite shortly before becoming a member of this order, was married to his wife, Elizabeth, designated in the certificate. The wife at that time had two daughters, one three years of age and the other six, now Mrs. Striebinger and Mrs. Van Camp. They were taken into the family of Jaite and educated, clothed, fed and treated entirely and absolutely as his own children, he calling them his children and they calling him father. In 1893, perhaps, one of the daughters was married, Mrs. Striebinger; later Mrs. Van Camp was married. Both of these stepdaughters have looked to their father's home as their home, as children look to the old home after they have left. Later Mrs. Van Camp's husband met with reverses and misfortune came upon that family. She and her husband were taken into the family of Mr. Jaite, provided for and looked after until his death. Some three years prior to

his death they became absolutely members of his family and dependent upon him. Mrs. Striebinger, as I have said, has gone back and forth to the old homestead. Now under the circumstances of this particular case, we hold that these parties *did* come within the class that might have been designated by Mr. Jaite as the beneficiaries under the will.

It is said that this designation could not be made by will. Let it be borne in mind that this is a case in which the beneficiary has died and no other beneficiary named in her place. The rules of the order, Section 47, provide:

"If one or more of the beneficiaries shall die during the lifetime of the member, the surviving beneficiary or beneficiaries shall be entitled to the share of such decedent, equally, unless otherwise provided in the beneficiary certificate; and if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other direction in his beneficiary certificate, the benefit shall be paid to his widow; if he leave no widow, then said benefit shall be paid, share and share alike, to his children; his grandchildren, living at the time of his death, to take the share to which their deceased parent would be entitled if living; if there be no children nor grandchildren of the deceased member living at the time of his death, then said benefit shall be paid to his mother if living, and if she be dead at the time of his death, then to his father if living, and should there be no one living at the death of the member entitled to said benefit under the provisions of Section 46, then the same shall revert to the beneficiary fund of the grand lodge."

It will be borne in mind that this is a controversy between the beneficiaries named and the grand lodge. No other beneficiary is disputing the claim; the benefits go to the grand lodge only, if there be no one under Section 46 entitled to its benefits. Now, this section that I have read named certain parties—the widow, children, grandchildren, the mother, the father—but there are others named in Section 46 who are entitled to these benefits before it goes to the grand lodge. How shall they be designated? It does not name them. The language of the section reads:

"Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family, or some one related to him by blood."

It may be his father, his mother, brother or sister are entitled to the benefits. It may be some of those specifically enumerated or otherwise. No designation is made in Section 47 as to the dependent party taking. We find there was neither widow, children, grandchildren, father or mother. The order says it may go to "one or more members of his family," a dependent, and if there is any one under Section 46 who can take, then the grand lodge does not take it. Clearly in this case there was not the slightest excuse for this order refusing the payment to Mrs. Van Camp. She was a member of Mr. Jaite's family; she was dependent upon him. Neither the constitution and by-laws of the order nor the statutes designate any way in which the members shall designate the beneficiary as a member of his family, or as a dependent, and we are of opinion that it may be done by will.

The statute itself contemplates that it may not be done in the lifetime of the member. How shall it be done? Manifestly, only in the way it was done here. At all events, we hold that it was a sufficient designation.

Again, it is said that the language of the will is not a sufficient designation. Certainly it is clearly a designation of the parties. They are named by name, and they are the daughters of his wife, and there can be no doubt that he intended this benefit under the term "insurance." He refers to the fact that his wife was named as beneficiary, hence we hold that the designation by will could be made, and that designation is sufficient.

We reach the same conclusion that was reached by the trial court. We think this judgment was not only right but rests upon a good, solid, legal foundation. The judgment of the court of common pleas is affirmed.